**NOT FOR PUBLICATION** [Docket No. 45, 46,47 and 48]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| YATES FOIL U.S.A., INC, et al., Plaintiffs, v. ILJIN GROUP, et al., Defendants. | Civil No. 05-3902 (RMB) **OPINION AND ORDER** |

THIS MATTER comes before the Court by Defendants' ILJIN Copper Foil Co., Ltd. ("ILJIN Copper") and Dr. Y.K. Kim and Adam Wolski (the "Defendants") motion to dismiss Count 4 of the Second Amended Complaint which asserts a claim for patent infringement. Despite two amendments, Defendants argue that the amended Count fails to identify or describe the products that the Defendants manufactured or sold that allegedly infringed the Plaintiffs' patents or the manner in which the Defendants allegedly infringed those patents. As such, they argue, Count 4 should be dismissed.

**PROCEDURAL BACKGROUND**

Plaintiffs commenced this action by filing a Complaint on August 3, 2005. The Complaint asserts federal claims for violation of the RICO statute and patent infringement, as well as a host of New Jersey state law claims. On October 2, 2006, the Defendants

1

moved to dismiss plaintiffs' federal RICO and patent infringement claims pursuant to Rule 12(b)(6) for failure to state a claim.

On May 3, 2007, the Court granted Plaintiffs, Yates Foil U.S.A., Inc. And Foil Technology Corp., leave to amend Count 4 of the Complaint. The Court found that Count 4 failed to properly allege a patent infringement claim. On June 4, 2007, Plaintiffs filed a Second Amended Complaint.[1]

Defendants argue that the Second Amended Complaint falls short of stating the bare-bones elements of a patent infringement claim. The Count, they argue, continues to fail to set forth a single factual allegation identifying or describing the products that the Defendants manufactured or sold that allegedly infringed Plaintiffs' patents. This Court disagrees.

In order to state a claim for patent infringement under 35 U.S.C. § 271, Plaintiffs must allege that the defendant made, used, offered to sell, or sold a patented invention within the United States or imported into the United States a patented invention during the term of the patent therefor. See NTP, Inc. V. Research In Motion, Ltd., 418 F.3d 1282, 1313 (Fed. Cir. 2005) (citing 35 U.S.C. § 271(a)). A Complaint that alleges ownership of the asserted patent, identifies the defendants, cites the patent that is allegedly infringed, and describes the means by which the defendants allegedly infringed, as well as the specific

---

[1] On June 1, 2007, Plaintiffs filed an Amended Complaint.

sections of the patent law is sufficiently pled.  See Phonometrics, Inc. V. Hospitality Franchise Systems, Inc., 203 F.3d 790 (Fed. Cir. 2000).

Here, Plaintiffs' Second Amended Complaint contains sufficient detail to put the Defendants on notice of the allegations so that they can answer the Complaint.  Plaintiffs allege ownership of the patents, identify the Defendants and various patents, and describe that the Defendants used the patents in their manufacturing plants.  Moreover, Plaintiffs allege that the Defendants are familiar with these patents because they stole them, and that they used the patented processes "to improve the overall manufacturing and development process of the Defendants' production of copper foil." Plaintiffs further allege that the scope of the infringements was revealed "in part in a series of fax transmissions and emails between Defendants during 2000-2001." Complt. at ¶¶ 67-68.

Thus, this Court finds that the Plaintiffs have sufficiently pled a violation of 35 U.S.C. § 271 in Count 4 of the Second Amended Complaint.  Accordingly, Defendants' motion to dismiss Count 4 of the Second Amended Complaint is hereby **DENIED**.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: September 18, 2007

3